# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 25-1402 |
| Case Name | ELLIS V. WALLACE |
| Party or Parties Filing Notice of Appeal Or Petition | MATTHEW WALLACE |
| Appellee(s) or Respondent(s) | JO ELLIS |
| List all prior or related appeals in this court with appropriate citation(s). | |

## I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

## A. APPEAL FROM DISTRICT COURT

1. Date final judgment or order to be reviewed was **entered** on the district court docket: 9-17-25

2. Date notice of appeal was **filed**: 10-14-25

3. State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days, FRAP Rule 4(a)(1)(A)

a. Was the United States or an officer or an agency of the United States a party below? no

b. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: no

**4.** Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.** Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

        Motion for Reconsideration is due November 21, 2

    **b.** Has an order been entered by the district court disposing of any such motion, and, if so, when?

        no

**5.** Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291.   no

    **(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.** If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

        no

    **b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?   no

    **c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?  Colorado's anti-SLAPP law C.R.S. 13-20-1101(7)

**6.** Cross Appeals.

    **a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).   n/a

    **b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals).   n/a

### III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

Plaintiff Jo Ellis has sued Defendant Matthew Wallace for a single cause of action, defamation, based on statements Defendant published on social media (in particular the platform formerly known as "Twitter"). Plaintiff stipulates that the statements for which the suit is brought are statements relating to public issues, made in a public forum (and therefore that these statements are entitled to anti-SLAPP protection) and that they relate to "matters of public concern" and therefore are entitled to a qualified immunity from liability in a defamation action. Defendant filed an anti-SLAPP motion to dismiss pursuant to Colorado Rev. Statutes section 13-20-1101. The trial Court denied Defendant's anti-SLAPP motion. Defendant files his interlocutory appeal as is his right pursuant to C.R.S. section 13-20-1101(7).

### IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).

(A) Whether Plaintiff ELLIS met the burden required to establish -- by admissible evidence -- a "reasonable likelihood" of prevailing on the Complaint's legal claims for defamation, which require an offer of factual evidence of Defendant's "actual malice" (i.e., knowledge of the falsity of his published claims or a high degree of awareness of their probable falsity).

## V. ATTORNEY FILING DOCKETING STATEMENT:

Name: DAN ERNST   Telephone: 720-798-3667

Firm: ERNST LEGAL GROUP, LLC

Email Address: DAN@ERNSTLEGALGROUP.COM

Address: 217 E. 7TH AVE, DENVER, CO 80203

_____   10-29-25
_____   _____
Signature   Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, __DAN ERNST_____, hereby certify that on
[attorney for appellant/petitioner]

__10-29-25_____, I served a copy of the foregoing **Docketing Statement**, to:
[date]

__MEG PHELAN_____, at __meg.phelan@equalityactionfund.___
[counsel for/or appellee/respondent]

_____

_____

_____, the last known address/email address, by

_____.
[state method of service]

_____
Signature

__10-29-25_____
Date

DAN ERNST
_____
ERNST LEGAL GROUP, LLC
217 E. 7TH AVE
Denver, CO 80203
_____
Full name and address of attorney