# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

_____

**JO ELLIS,**

    Plaintiff - Appellee,

v.

**MATTHEW S. WALLACE,**

    Defendant - Appellant.

No. 25-1402
(D.C. No. 1:25-CV-01115-STV)
(D. Colo.)

_____

# DEFENDANT'S MEMORANDUM BRIEF RE JURISDICTION
_____

Defendant-Appellant MATTHEW S. WALLACE, respectfully submits the following memorandum regarding jurisdiction over an appeal from the U.S. District Court's ruling on his anti-SLAPP motion by the U.S. Court of Appeals for the Tenth Circuit:

In _Coomer v. Make Your Life Epic LLC,_ 98 F.4th 1320 (10th Cir. 2024), the U.S. Court of Appeals for the Tenth Circuit held that its jurisdiction to an appeal from a U.S. District Court's denial of an anti-SLAPP motion turns on "whether the denial of an anti-SLAPP special motion to dismiss 'resolve[s] an important issue _completely separate_ from the merits of the action.'" _See Coomer,_ at 1324

1

(*citing Will v. Hallock*, 546 U.S. 345, 349 (2006) (emphasis added) (citation omitted)).

In the herein case between Jo Ellis and Matthew S. Wallace, the U.S. District Court's ruling on Wallace's anti-SLAPP motion explicitly raises an important legal issue that is completely separate from the facts of that particular action – a legal question identified in the recent Colorado Court of Appeals opinion issued March 12, 2026, in *Wilburn v. Guthrie* 2026 COA 13. The Court in *Wilburn* identified a split of opinion about the correct legal standard a trial court should use in determining a Colorado anti-SLAPP special motion: that is, "between accepting the plaintiff's evidence as true and weighing the evidence." *Id*., ¶ 33. The two sides of this controversy are represented by the opinion of *Salazar v. Pub. Tr. Inst*., 2022 COA 109M, ¶¶ 20-21 on one hand, and that of *L.S.S. v. S.A.P*., 2022 COA 123, ¶ 23 on the other. The Court in *Wilburn v. Guthrie* claims that, "We, of course, cannot 'resolve' the purported split. As a divisional court, the most we could do is pick a side." *Id*., ¶ 27, n3.

However, the U.S. District Court's ruling on Wallace's anti-SLAPP motion in the herein matter, provided orally at the Hearing of September 17, 2025, indicated that the District Court was unable to "pick a side" in the controversy identified by *Wilburn v. Guthrie*, but rather was bound by Colorado law to accept the bare allegations in Plaintiff's affidavit as true regardless of their being unsupported by

evidence and contradicted by Defendant's evidence. "At this stage what the Colorado courts have said is I cannot get into an analysis of factual disputes", *see* **Exhibit A** attached hereto, Hearing Transcript, p.51, ln.20-22 ("I'm not permitted to weigh the evidence. I'm not permitted to discredit any of Plaintiff's evidence that she's presented"); *see also, Id.* p.11, ln.6-8.

The Tenth Circuit Court of Appeals is respectfully requested to accept jurisdiction over this matter and provide guidance to the U.S. District Courts of Colorado regarding this split of opinions about the proper legal standard the trial courts should use going forward to make their determination about whether to grant or deny Colorado anti-SLAPP motions pursuant to C.R.S. § 13-20-1101.

DATED: April 17, 2026;                    Respectfully submitted,

By: _/s Dan Ernst_____
Dan Ernst, Esq. Colo Bar No. 53438
*Attorney      for      Defendant-Appellant Matthew Wallace*

---

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 17, 2026, a copy of the foregoing was served on all required parties by email to counsel of record for Plaintiff/Appellee by its being submitted through the PACER electronic filing system for the 10th Circuit Court of Appeals:

**Counsel for Plaintiff-Appellee**
*Attorneys for Plaintiff*
Meg Phelan, SC Bar No. 78209
EQUALITY LEGAL ACTION FUND

P.O. Box 81465
Lincoln, Nebraska 68501
(618) 680-0292
meg.phelan@equalityactionfund.org

By     */s/ Dan Ernst*    
ERNST LEGAL GROUP, LLC