UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

JO ELLIS,                                    .  Case No. 25-cv-01115-STV
                                             .
            Plaintiff,                       .
                                             .
vs.                                          .  Byron G. Rogers Courthouse
                                             .  1961 Stout Street
MATTHEW S. WALLACE,                          .  Denver, CO  80294
                                             .
            Defendant.                       .
                                             .  September 17, 2025
. . . . . . . . . . . . . . . .  3:01 p.m.


**TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
SCOTT T. VARHOLAK, UNITED STATES MAGISTRATE JUDGE**


APPEARANCES:

For the Plaintiff:          Equality Legal Action Fund
                            By:  Margaret Haley Phelan*
                            PO Box 81465
                            Lincoln, IL 68501
                            (618) 680-0292

For the Defendant:          Ernst Legal Group, LLC
                            By:  Dan Ernst
                            217 East 7th Street
                            Denver, CO 80203
                            (720) 798-3667

Court Recorder:             Clerk's Office
                            U.S. District Court
                            1961 Stout Street
                            Denver, CO  80294

Appearances Continued:

Transcription Service:          AB Litigation Services
                                216 16th Street, Suite 600
                                Denver, CO  80202
                                (303) 296-0017

*Appeared by phone.

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

THE COURT: But now we're getting into detailed factual disputes, which I can't get into.

MR. ERNST: Well, I mean, it's not -- I mean, Jo Ellis just can say Random Maga is Matt Wallace with no foundation, and then create a jury?

THE COURT: Well, yes. At this stage what the Colorado courts have said is I cannot get into an analysis of factual disputes.

MR. ERNST: I mean, you have to make a determination if there has been shown, you know, a sufficient basis to allow this claim to continue based on admissible evidence, and admissible evidence that the Plaintiff is going to be able to show by clear and convincing evidence that --

THE COURT: But why isn't --

MR. ERNST: -- this man originated the, you know, originated the -- or that this man had actual malice in his postings that, you know, 10,000 -- not 10,000, but 80,000 people posted as well, thinking that it was Jo Ellis.

THE COURT: So if --

MR. ERNST: And way before he ever did.

THE COURT: If I get 80,000 anonymous phone calls saying it was this person did this, is that sufficient that I don't have to do anything further to investigate?

MR. ERNST: It's sufficient to establish that you did not have actual malice, which is a mental state of either

additional factor that I can consider.

And I conclude that with those three findings, the first two of which were nearly sufficient on their own in the two *Coomer* opinions, the one *Coomer* opinion also talked about the fact that there was reporting that was reliable reporting that contradicted the false statement that was made that was not relied upon. But nonetheless, we have both of these factors here. I think first two are even stronger in this case than they were in the *Coomer* opinions. And we have the bias here.

And again, the reason I say they were even stronger is in this case the leap to this was a terrorist attack based upon the affidavits and the evidence put before me is a wholly unfounded leap. It seems to be one that Plaintiff himself made on his own.

To be clear, I am not in any way concluding that Plaintiff has proven actual malice. That's not the question. The question is, has she demonstrated a reasonable likelihood once she has marshaled all the evidence that she will be able to do so? I'm not permitted to weigh the evidence. I'm not permitted to discredit any of Plaintiff's evidence that she's been presented.

Indeed, in *L.S.S.*, the Court allowed the claims to continue despite finding the evidence, quote, "not terribly persuasive". But given the standards that I have to follow,