# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

JO ELLIS

*Plaintiff-Appellee,*

v.

MATTHEW S. WALLACE

*Defendant-Appellant.*

On Appeal from the United States District Court
for the District of Colorado
(Case No. 1:25-CV-01115-STV)

## PLAINTIFF-APPELLEE'S MEMORANDUM OPPOSING APPELLATE JURISDICTION

MEG PHELAN
EQUALITY LEGAL ACTION FUND
P.O. Box 81465
Lincoln, NE 68501
(618) 680-0292
meg.phelan@equalityactionfund.org

MARK THOMSON
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th St., NW, Suite 550
Washington, D.C. 20036
(202) 978-1503
mark.thomson@mwpp.com

*Attorneys for Plaintiff-Appellee*

April 21, 2026

Defendant-Appellant Matthew Wallace has appealed the district court's order denying his special motion to dismiss under Colorado's anti-SLAPP statute. This Court should dismiss Wallace's appeal for lack of jurisdiction.

"Federal appellate jurisdiction is generally limited to appeals from 'final' district court orders and orders certified for interlocutory appeal." *Mohamed v. Jones*, 100 F.4th 1214, 1217 (10th Cir. 2024). The order at issue in this appeal is neither a final district court order nor an order certified for interlocutory appeal. Wallace does not contend otherwise.

For district-court orders that are neither final nor certified, federal appellate jurisdiction is limited to the small class of orders falling within the collateral-order doctrine. *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 664 (10th Cir. 2018). The order at issue in this case does not fall within the collateral-order doctrine because ***the collateral-order doctrine does not allow appeals from orders denying special motions to dismiss under Colorado's anti-SLAPP statute.*** *Coomer v. Make Your Life Epic LLC*, 98 F.4th 1320, 1328 (10th Cir. 2024); *see also United States ex rel. Fiorisce, LLC v. Colo. Tech. Univ., Inc.*, 130 F.4th 811, 817 n.3 (10th Cir. 2025) ("the district court's denial of a motion to dismiss based on its application of an anti-SLAPP statute [is] not immediately appealable under the

collateral order doctrine"). That holding from *Coomer* unambiguously forecloses this appeal.

Wallace tries distinguishing *Coomer* and availing himself of the collateral-order doctrine by contending that his appeal raises "an important legal issue that is completely separate from the facts of [this] particular action." ECF 29 at 2. That's a *non sequitur*. Whether the collateral-order doctrine applies depends on whether ***the underlying order*** "resolve[s] an important issue completely separate from the merits of the action." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 11 (1983). As this Court has squarely held, orders denying special motions to dismiss "cannot be completely separate from the merits" because they "necessarily involve fact weighing." *Coomer*, 98 F.4th at 1327. That fact is dispositive for purposes of the collateral-order doctrine. That an appeal supposedly raises important issues—even issues separate from the facts—is totally irrelevant to the collateral-order analysis because, as its name suggests, the collateral-order doctrine is concerned with the nature of the underlying order, ***not*** the grounds for appeal.

The Court should dismiss this appeal for lack of jurisdiction.

DATED: April 21, 2026

Respectfully submitted,

*/s/ Mark Thomson*

Mark Thomson
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street, NW, Suite 550
Washington D.C. 20036
Telephone: (202) 318-3655
Email: Mark.Thomson@mwpp.com

Meg Phelan
EQUITY LEGAL ACTION FUND
P.O. Box 81465
Lincoln, NE 68501
Telephone: (618) 680-0292
Email: meg.phelan@equalityactionfund.com

*Counsel for Plaintiff-Appellee Jo Ellis*

# CERTIFICATE OF COMPLIANCE

**1. Type Volume**

[X]   This document complies with type-volume limits of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f) (cover page, opposition brief, signature block, certificates of counsel, proof of service, attachments), this document contains 395 words.

**2.       Typeface and Type-Style**

[X]   This document complies with the typeface requirements of FRAP 32(a)(5)(A) and the type-style requirements of FRAP 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.


*/s/ Mark Thomson*
Mark Thomson

*Attorney for Plaintiff-Appellee Jo Ellis*

Dated: April 21, 2026

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff-Appellee's Memorandum Opposing Appellate Jurisdiction was filed with the Clerk of the Court using the Court's CM/ECF system on April 21, 2026, which will send notification of such filing to counsel for all parties as follows:

Daniel Ernst
ERNST LEGAL GROUP
4155 E. Jewell Ave., Suite 500
Denver, CO 80222
Telephone: (720) 798-3667
Email: dan@ernstlegalgroup.com

Dated: April 21, 2026    By:    */s/ Mark Thomson*
                                 Mark Thomson